THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00052-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VENTURA GARCIA, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration . . . ." [Doc. 593].

**I.     BACKGROUND**

In August 2001, the Defendant Ventura Garcia was charged in a Bill of Indictment, along with 13 co-defendants, with one count of conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.  [Doc. 3].  The Government subsequently filed an Information setting forth that the conspiracy involved at least five kilograms of a mixture of substance containing a detectable amount of cocaine and at least 1.5 kilograms of a mixture or substance containing a detectable amount

of methamphetamine. [Doc. 4]. These drug quantities subjected the Defendant to a term of imprisonment of not less than 10 years nor more than life. See 21 U.S.C. § 841(b)(1)(A).

In November 2001, the Defendant Ventura Garcia was found guilty of conspiracy following a jury trial. [Doc. 193: Jury Verdict]. The jury specifically found that the conspiracy involved at least five kilograms of a mixture or substance containing a detectable amount of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine. [Id.].

In anticipation of sentencing, the probation office prepared a Presentence Report (PSR). [Doc. 594]. In the PSR, the probation officer noted that the Defendant was responsible for the distribution/knowledge of 5.89 kilograms of a mixture or substance containing a detectable amount of methamphetamine during the course of his involvement in the conspiracy. [Doc. 594 at ¶ 27]. The only known amount of cocaine that Garcia was responsible for was 52 grams located during a search of his residence. [Id.].

Based on the quantity of drugs for which the Defendant was responsible (5.89 kilograms of a methamphetamine mixture and 52 grams of cocaine), the PSR calculated a base offense level of 36. [Id. at ¶ 43]. A two-level increase was added for the Defendant's possession of a dangerous

weapon during the conspiracy. [Id. at ¶ 44]. Because the Defendant sold and fronted methamphetamine to others for further distribution, a three-level increase was added for his role in the offense. [Id. at ¶ 46]. Thus, the Defendant's total offense level was calculated to be 41. [Id. at ¶ 52]. With a criminal history category of III, the Defendant's Guidelines range for imprisonment was calculated to be 360 months to life. [Id. at ¶¶ 73, 95].

In July 2002, the Court[1] sentenced the Defendant to a term of 360 months. [Doc. 316: Judgment]. The Court subsequently reduced his term of imprisonment to 324 months pursuant to Amendment 782 of the Sentencing Guidelines. [Doc. 552].

The Defendant is currently incarcerated at FCI Allenwood Medium with a projected release date of December 29, 2024.[2]

In December 2021, the Defendant filed a motion ostensibly seeking a reduction of his sentence either pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (allowing courts to grant compassionate release) or pursuant to The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). [Doc. 586]. The Court denied the Defendant's motion without prejudice on

---

[1] The Honorable Lacy H. Thornburg, United States District Judge, presiding. Upon Judge Thornburg's retirement in 2009, this matter was reassigned to the undersigned.

[2] See https://bop.gov/inmateloc/ (last accessed Mar. 7, 2022).

the grounds that the Defendant had failed to cite any grounds under either statute for relief. [Doc. 589].

The Defendant now renews his request for compassionate release in the guise of a motion for reconsideration of the Court's Order. [Doc. 593]. For grounds, the Defendant argues that there has been a subsequent change in the law regarding the manner in which drug quantity is determined, and that if he were sentenced today, he would not be subject to a statutory range of ten years to life. [Id. at 3-4].

## II.     DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant does not assert that he has made any effort to exhaust his administrative remedies with BOP by requesting compassionate release from the Warden. Nevertheless, the Court will

proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental

5

health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B).

The policy statement set forth in § 1B1.13, however, is not binding on this Court. Section 1B1.13 was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, while this policy statement "remains helpful guidance even when motions are filed by defendants," id. at 282 n.7, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

Here, the Defendant primarily relies on subsequent changes in the law as a basis for his request for compassionate release. Specifically, the

6

Defendant cites Alleyne v. United States, 570 U.S. 99, 103 (2013), in which the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. He also cites United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005), in which the Fourth Circuit held that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires a jury to find beyond a reasonable doubt the amount of drugs attributable to each specific defendant involved in a drug conspiracy. As the Defendant correctly concedes [Doc. 593 at 3], neither Alleyne nor Apprendi was made retroactively applicable to cases on collateral review. See Jones v. Zych, 812 F. App'x 115, 125 (4th Cir. 2020) (stating that Alleyne announced procedural, not substantive, rule and therefore not retroactive); United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (holding that Apprendi does not apply retroactively).

Nevertheless, the Fourth Circuit has recognized that district courts may consider non-retroactive changes in the law as part of the "extraordinary and compelling reasons" analysis. McCoy, 981 F.3d at 287-88.[3] In McCoy,

---

[3] Curiously, in arguing that the Court should consider non-retroactive changes in the law in evaluating a compassionate release request, the Defendant cites not to McCoy, but to Jarvis v. United States, No. 21-58 (U.S. 2021). In Jarvis, the Court of Appeals for the Sixth Circuit held that the First Step Act's non-retroactive limitation on "stacking" of § 924(c) convictions could *not* constitute an "extraordinary and compelling" reason for a sentence reduction. United States v. Jarvis, 999 F.3d 442, 444 (6th Cir.), reh'g en banc

7

the Fourth Circuit affirmed the district courts' findings that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." Id. at 285.  As other courts have noted, however, that "[n]othing in McCoy ... requires the court to reduce a defendant's sentence once the defendant shows that new statutory or case law would have benefitted the defendant, if such law had existed at the time of the defendant's sentencing." United States v. Spencer, 521 F. Supp. 3d 606, 610 (E.D. Va.), aff'd, 853 F. App'x 833 (4th Cir. 2021).  Rather, the determination of whether a sentence reduction is warranted should be based on a "full consideration of the Defendant's individual circumstances," including the length of time already served, any rehabilitative efforts made while incarcerated, the defendant's prior criminal history, and the defendant's age at the time of the offense. McCoy, 981 F.3d at 286.

Here, the Defendant does not offer any argument, much less evidence, regarding his "individual circumstances," such as any efforts at rehabilitation.

---

denied Sept. 8, 2021.  The defendant in Jarvis filed a petition for a writ of certiorari with the United States Supreme Court.  See Jarvis v. United States, No. 21-58 (U.S. 2021). On January 10, 2022, the Supreme Court denied the petition.  Thus, the holding of Jarvis stands, at least in the Sixth Circuit.  The Defendant, however, was convicted in the Fourth Circuit, and therefore, the reasoning of McCoy applies.

8

Case 1:01-cr-00052-MR-WCM    Document 595    Filed 03/08/22    Page 8 of 10

What the Court can glean from the record regarding such circumstances, however, supports his continued incarceration. The Defendant was 39 years at the time of his arrest. He has a lengthy criminal history, spanning from a conviction for carrying a concealed weapon at the age of 20, and including multiple convictions for driving while impaired as well as a conviction for misdemeanor possession of a controlled substance. [See Doc. 594: PSR at ¶¶ 54-69]. As set forth in the PSR, the Defendant was responsible for distributing a prodigious amount of methamphetamine—5.89 kilograms—in the Forest City/Rutherford County area during the course of this conspiracy. [Id. at ¶¶ 27, 46]. Had the Defendant been charged and convicted for this amount of methamphetamine alone, he would have faced the same mandatory minimum sentence of ten years and a maximum of life. See 21 U.S.C. § 841(b)(1)(A)(viii). Moreover, in objecting to the drug quantity in the PSR, Petitioner asserted that the Government's evidence supported his responsibility for only 737.1 grams of meth. [Doc. 594 at 28]. This, however, still falls within the same statutory sentencing range.

Under these circumstances, the Court concludes that the subsequent changes in the law cited by the Defendant do not constitute an "extraordinary and compelling" reason for a sentence reduction. The Defendant's motion is therefore denied.

9

Even if the Defendant could demonstrate "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce his sentence. See United States v. Jenkins, -- F. 4th --, 2021 WL 6130105, at *5 (4th Cir. Dec. 29, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, for the reasons stated above, evaluation of the § 3553(a) factors continue to weigh in favor of the Defendant's continued incarceration.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for reconsideration of the Order denying his motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration . . ." [Doc. 593] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 8, 2022

Martin Reidinger
Chief United States District Judge