IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00052-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| VENTURA GARCIA, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before this Court on Defendant's "Motion for a Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 614].

**I.    BACKGROUND**

In November 2001, Ventura Garcia ("Defendant") was found guilty following a jury trial of conspiracy to possess with intent to distribute cocaine and methamphetamine. [Doc. 193: Jury Verdict]. He was sentenced to a term of 360 months. [Doc. 316: Judgment]. This Court subsequently reduced his term of imprisonment to 324 months pursuant to Amendment

782 of the Sentencing Guidelines. [Doc. 552]. Defendant is incarcerated at FCI Edgefield with a projected release date of December 29, 2024.[1]

On December 20, 2021, Defendant filed a Motion for Compassionate Release or Reduction of Sentence, which this Court denied on February 2, 2022, because Defendant had not raised any grounds to support his motion. [Docs. 586, 589]. On February 22, 2022, Defendant filed a Motion for Reconsideration, renewing his request for compassionate release and arguing that subsequent changes in the law regarding how drug quantity is determined supported his early release. [Doc. 593]. On March 8, 2022, this Court denied Defendant's motion. [Doc. 595]. On July 31, 2023, Defendant filed the present "Motion for a Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)". [Doc. 614]. The Government filed a Response in Opposition on September 15, 2023, and Defendant filed a Reply on October 10, 2023. [Docs. 619, 621]. Having now been fully briefed, Defendant's motion is ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Nov. 6, 2023).

to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant has exhausted his administrative remedies. Accordingly, this Court will address the merits of his motion. As relevant here, this Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Until recently, however, the policy statement set forth in § 1B1.13 was not binding on this Court in evaluating motions for compassionate release filed directly by prisoners.

The version of § 1B1.13 that was in effect until November 1, 2023,[2] was adopted before the First Step Act, and therefore did not account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held in 2020 that § 1B1.13 was not an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, while the policy statement could be viewed as "helpful guidance," id. at 282 n.7, the Fourth Circuit held that district courts are "empowered . . . to consider *any* extraordinary and compelling reasons for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

District courts must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already

---

[2] The Sentencing Commission adopted amendments to § 1B1.13, which went into effect on November 1, 2023. Defendant references these amendments in his Reply as an additional basis for relief. [See Doc. 621 at 5-7]. Defendant, however, filed his motion on July 31, 2023—well before the amendments took effect. Moreover, he does not make any specific arguments based on the amendments. Even if this Court considered these amendments, the changes to § 1B1.13 do not alter its conclusions in this case.

4

served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons ("BOP"), the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id. at 284. The defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, Defendant seeks early release on the grounds that he "is being denied adequate medical treatment from an unbiased medical doctor"; that he is prohibited from earning First Step Act "good-time" credits due to his status as a deportable alien; that he has engaged in significant rehabilitative efforts; and that he endured harsh prison conditions during the COVID-19 pandemic. [See Doc. 614 at 6, 8-12].

Regarding medical treatment, Defendant contends that he needs surgery and that the only doctor being made available "arguably" committed malpractice when he previously operated on Defendant. [Id. at 8]. Defendant, however, does not explain which doctor committed the alleged malpractice, during what procedure the alleged malpractice occurred, or what damage he suffered as a result. He also provides no evidence supporting his contention that the BOP has made only this doctor available to perform his surgery. Even if Defendant's contentions in this regard are

5

Case 1:01-cr-00052-MR-WCM   Document 622   Filed 11/13/23   Page 5 of 9

true, they do not amount to the exceptional and compelling circumstances that would justify the relief he seeks, as "[a]n inmate has no right to the doctor of his or her choice." Bean v. Johnson, No. 1:21-cv-1013-MSN-IDD, 2022 WL 3599362, at *4 (E.D. Va. Aug. 23, 2022). Moreover, while Defendant's medical records demonstrate that a doctor has discussed with him that he "may be best served" by undergoing a medical procedure, the same record states that "nothing urgently needs to be done at this time," and that Defendant refused one procedure the doctor recommended. [Doc. 615 at 4]. Thus, Defendant has not demonstrated that he is being denied medical treatment he needs, or that his treatment constitutes an extraordinary or compelling reason.

Defendant also argues that he is entitled to early release because he is being denied time credits made available to some inmates under the First Step Act. [Doc. 614 at 8]. However, Defendant admits he is subject to deportation, [id.], and the First Step Act plainly provides that its time credits are not available to deportable aliens. See 18 U.S.C. § 3632(d)(4)(E). The decision not to make these credits available to inmates facing deportation represents a policy determination belonging to Congress alone. As such, Defendant's ineligibility for time credits under the First Step Act does not

6

constitute extraordinary and compelling circumstances which would justify his early release.³

Defendant further raises his rehabilitation as grounds for his early release. However, in his motion, he fails to note what rehabilitative measures he has engaged in while in BOP custody. Instead, Defendant contends in conclusory fashion that he has been rehabilitated and that he is no longer the same person that he was prior to his incarceration. [Docs. 614 at 11; 621 at 6]. At most, in his reply, Defendant asserts that he has had only one disciplinary infraction while incarcerated. [Doc. 621 at 6]. Defendant has entirely failed to demonstrate the sort of remarkable rehabilitation that could support his early release. Moreover, Congress has made clear that rehabilitation alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

Lastly, Defendant contends that he was "forced to endure extremely harsh conditions of confinement" while being incarcerated during the COVID-19 pandemic. [Doc. 614 at 9]. However, Defendant fails to explain what "extremely harsh" conditions he endured at the correctional facilities where he was housed. Indeed, Defendant merely references "onerous lockdowns

---

³ Other deportable inmates also do not get the benefit of the First Step Act's time credits. Thus, Defendant's circumstance is not extraordinary.

7

and restrictions," without stating that his facilities were ever locked down or explaining at all what restrictions were put in place. This is insufficient. Moreover, prisons around the country—housing thousands of inmates—took wide-ranging action to combat the spread of COVID-19. See Tinnen v. United States, No. 5:18-CR-290-D-1, 2022 WL 983160, at *5-*6 (E.D.N.C. Mar. 30, 2022); United States v. Johnson, No. 2:17-cr-00109, 2020 WL 4679416, at *4-*5 (S.D. W. Va. Aug. 12, 2020); United States v. White, No. 3:18cr61-HEH, 2020 WL 3442171, at *5 (E.D. Va. June 23, 2020). Defendant's experience during COVID-19 does not appear to be exceptional in any respect, much less warrant his early release.

For all these reasons, this Court concludes none of the grounds cited by Defendant, considered either singularly or in combination, constitute extraordinary and compelling reasons for his early release. Even if any of the grounds raised by Defendant could be considered an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, Defendant is over sixty years old and has nearly completed his 27-year prison sentence. However, he has a lengthy criminal history, has

8

been convicted of very serious crimes, including trafficking large quantities of cocaine and methamphetamine, and regularly carried firearms. [Docs. 619 at 9; 621 at 6]. Upon careful review of the record, this Court concludes that Defendant's sentence adequately reflects the seriousness of the offenses, provides just punishment, promotes respect for the law, and provides a significant deterrent effect on future criminal conduct. Defendant has not cited any factors that would cause this Court to reconsider and reduce his sentence. In sum, this Court finds that there are no "extraordinary and compelling reasons" for Defendant's release and that the relevant § 3553(a) factors continue to weigh in favor of incarceration. Accordingly, Defendant's motion for a reduction in sentence is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for a Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: November 10, 2023

Martin Reidinger
Chief United States District Judge