IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00052-MR-WCM-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| VENTURA GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Renewed Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) As Amended By The First Step Act Of 2018" [Doc. 628].

**I.     BACKGROUND**

In November 2001, Ventura Garcia ("Defendant") was found guilty following a jury trial of conspiracy to possess with intent to distribute cocaine and methamphetamine. [Doc. 193]. He was sentenced to a term of 360 months' imprisonment; however, his term of incarceration was reduced to 324 months pursuant to Amendment 782 of the Sentencing Guidelines.

[Docs. 316; 552]. Defendant is currently incarcerated at FCI Coleman Low with a projected release date of July 26, 2024.[1]

Defendant has previously filed three motions seeking compassionate release, all of which have been denied. [See Docs. 586; 589; 593; 595; 614; 622]. Defendant now moves for compassionate release arguing: (1) that he should be allowed to earn time credits under the First Step Act and apply them to receive expedited removal proceedings; (2) that the administrators at FCI Edgefield have been deliberately indifferent to his immigration status and that FCI Edgefield has "no reliable inmate grievance procedure" for addressing this; and (3) that he has endured "extremely harsh conditions" while imprisoned due to the COVID-19 pandemic. [See Doc. 628 at 7-13]. Defendant raised, and the Court rejected, a version of his first argument and his third argument in his most recent prior motion for compassionate release. [See Docs. 614; 622].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

---

[1] See https://www.bop.gov/inmateloc/ (last visited Apr. 18, 2024).

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant represents that he has exhausted his administrative rights with the BOP, and the Government has not responded to his motion. Accordingly, the Court will address the merits of Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy

statement sets forth the following list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. Id. § 1B1.13(b)(1)-(6).

Defendant first notes, as he did in his most recent prior compassionate release motion, that he is ineligible to earn time credits under the First Step Act because he is a deportable alien. [See Doc. 628 at 8; see also Docs. 614 at 8; 622 at 6-7]. Rather than raising this as a ground for compassionate release as before, however, Defendant now argues that the Attorney General is being deliberately indifferent to the First Step Act's mandate requiring the Attorney General, in consultation with the Secretary of Homeland Security, to develop a program that would allow Defendant to earn time credits and apply them to obtain expedited removal proceedings. [See Doc. 628 at 8-9]. The portion of the First Step Act that Defendant relies upon provides that:

> The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E)(ii). However, § 1228 *explicitly* states that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." See 8 U.S.C. § 1228(a)(3)(B); see also Garcia v. U.S. Att'y Gen.,

5

8:23-cv-3501-JFA-JDA, 2023 WL 6619424, at *2-*3 (D.S.C. Oct. 11, 2023) (a case involving Defendant in which the court rejected the argument he makes here); Lange v. U.S. Att'y Gen., No. 5:23-3561-BHH-KDW, 2023 WL 9231303, at *2 (D.S.C. July 31, 2023). Moreover, Defendant has offered no evidence demonstrating that his situation is in any way unique or exceptional, as other deportable aliens, too, are currently prevented from earning and applying the First Step Act's time credits to receive expedited removal proceedings. Thus, Defendant's argument is no basis for his early release.

Second, Defendant argues that despite the fact that "the final order of deportation has been recalled against him[,]" "the records department at FCI Edgefield refuses to act and remove the detainer." [Doc. 628 at 9]. He further contends that FCI Edgefield has no "reliable inmate grievance procedure" by which he can challenge this inaction. [Id.]. As a primary matter, Defendant's argument is in some sense moot, as he is currently incarcerated at FCI Coleman Low—not FCI Edgefield. However, notwithstanding this, Defendant has submitted *no* evidence in support of his claims. Indeed, Defendant has submitted no evidence regarding his immigration status, nor about the actions of FCI Edgefield's administrators. Therefore, Defendant has not demonstrated the sort of exceptional and compelling circumstances that could justify his early release.

6

Case 1:01-cr-00052-MR-WCM    Document 631    Filed 04/22/24    Page 6 of 9

As his third argument, Defendant contends that he endured "extremely harsh conditions" in prison during the COVID-19 pandemic. [See id. at 9-13]. Defendant made this same argument in his most recent prior compassionate release motion. [See Docs. 614 at 9-10; 622 at 7-8]. Just as before, Defendant, here, fails to explain what "extremely harsh" conditions he endured at the correctional facilities where he was housed. Indeed, Defendant merely references "onerous lockdowns and restrictions," without stating that his facilities were locked down or explaining what restrictions he encountered. As the Court explained previously, this is insufficient. Moreover, prisons around the country—housing thousands of inmates—took wide-ranging action to combat the spread of COVID-19. See Tinnen v. United States, No. 5:18-CR-290-D-1, 2022 WL 983160, at *5-*6 (E.D.N.C. Mar. 30, 2022); United States v. Johnson, No. 2:17-cr-00109, 2020 WL 4679416, at *4-*5 (S.D. W. Va. Aug. 12, 2020); United States v. White, No. 3:18cr61-HEH, 2020 WL 3442171, at *5 (E.D. Va. June 23, 2020). Thus, Defendant's experience during COVID-19 does not appear to be exceptional in any respect. Accordingly, it does not warrant his early release.

For all these reasons, the Court concludes that none of the grounds cited by Defendant, considered singly or in combination, constitute

7

extraordinary and compelling reasons for his early release.[2]  Additionally, even if any of the grounds raised by Defendant could be considered an extraordinary and compelling reason for his release, the Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis in determining whether a sentence reduction is warranted.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, Defendant is over sixty years old and has nearly completed his 27-year prison sentence.  However, he has a lengthy criminal history, has been convicted of very serious crimes, including trafficking large quantities of cocaine and methamphetamine, and regularly carried firearms.  [Docs. 619 at 9; 621 at 6].  Upon careful review of the record, the Court concludes that Defendant's sentence adequately reflects the seriousness of his offenses, provides just punishment, promotes respect for the law, and provides a significant deterrent to future criminal conduct.  Defendant has

---

[2] Defendant suggests that the combination of the grounds he has raised resulted in an "unusually long sentence," as contemplated by U.S.S.G. § 1B1.13(6), in his case. [See Doc. 628 at 13].  However, Defendant fundamentally misunderstands § 1B1.13(6), as it simply takes account of the literal length of his sentence.  Moreover, subsection (6) only applies when there has been a change in the law since the time that a defendant was sentenced that would result in a gross disparity between the sentence a defendant received and the one that he would have received if he had been sentenced at the time he filed his compassionate release motion.  Defendant, here, points to no such change in the law.

not cited any factors that would cause the Court to reconsider and reduce his sentence.

In sum, there are no "extraordinary and compelling reasons" for Defendant's release and the relevant § 3553(a) factors continue to weigh in favor of his incarceration. Accordingly, Defendant's motion for a reduction in sentence is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's "Renewed Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) As Amended By The First Step Act Of 2018" [Doc. 628] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge